UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. MJ 11-502 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| FRANCISCO RAMOS-ARTIAGA, ) | |
| ) | |
| Defendant. ) | |

<u>Offense charged</u>:  Distribution of Heroin; Distribution of Methamphetamine

<u>Date of Detention Hearing</u>:  October 21, 2011.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1.  Defendant has been charged with a drug offense, the maximum penalty of which

DETENTION ORDER
PAGE -1

is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

    2.    Defendant has a sporadic work history, and was unable to provide the names of past employers. He has an unstable residence history as well.

    3.    Defendant admits membership in a local street gang but contends he has not been in the gang lifestyle for the past two months. However, the Complaint alleges that defendant offered to "take care of" some gang members for a Confidential Informant, showing a photograph of a UZI on his phone and indicating he would have used it.

    4.    The AUSA proffers that defendant is being investigated for involvement in a gang-related shooting this summer in Kent, that defendant allegedly made reference to this to the CI, and local police made similar reference to his alleged comments about the shooting and his involvement. The AUSA argues that defendant realizes that charged may be imminent in this shooting, increasing the risk of nonappearance.

    5.    Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the pupose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Pretrial Services Officer.

DATED this 21st day of October, 2011.

_____
Mary Alice Theiler
United States Magistrate Judge